GEORGE P. STEBBINS *v.* CENTRAL VERMONT RAILROAD COMPANY.

*Negligence.   Fire from Engine.   Contributory Negligence.*

1.  Damage, caused by fire through the negligence of one party, but increased through the negligence of the party suffering the loss, may be recovered up to the time when the contributory negligence began to affect the result; hence, there was error in the charge to the jury when it would be understood by them that if the plaintiff neglected to do what a prudent man would have done when he learned of the fire, it defeated his right of recovery for the previous as well as subsequent damages.

ACTION on the case, in which the plaintiff claimed to recover damages for an injury to his timber lands in Vernon, by reason of a fire claimed to have been communicated by the defendant's engine.   Plea, the general issue.   Trial by jury, September Term, 1881, TAFT, J., presiding; and verdict for the defendant.

The fire, from which the plaintiff claimed to have suffered, as his evidence tended to show, was started on lands inside the defendant's fences, and from thence it spread to the lands of N. F. Bryant; from thence to the lands of Lucy Stebbins; and from thence to those of the plaintiff.   The defendant, against the ob-

Stebbins v. R. R. Co.

jection and exception of the plaintiff, was allowed to prove by Addison Whitehed and Benj. A. Streeter as follows:

*Whitehed :* Q. State what was said to Mr. Stebbins, and his reply? A. Some one spoke to him and said that there was a fire down there and he better go down and see to it, and help put it out, or something like that. And the reply was he was not going down there ; if the fire got on his land the railroad company were able to pay him. That was all, I believe, that was said on that point.

*Streeter :* Q. What conversation did you have in relation to that fire burning his land ? A. I think I asked him if he had been down there. I told him it was burning down near his land, or on it. I don't know whether I was going out there then, or coming in from there. I can't tell how that was. And I told him I should think he would go out there. He said he didn't feel able to go out there, or something like that. And he said if it got over, the company was able to pay for it, or something to that effect.

Q. Say anything about its having burned over once before ? A. I think he did.

Q. What did he say ? A. I think he said they burned it over once, and paid him for it, and if they burned it over again they were able to pay him for it.

Plaintiff testified, in substance, that the reason he made no effort to aid in checking the fire, was on account of his ill-health. It appeared that he was able to ride about town and attend to his ordinary business.

Plaintiff requested the court to charge the jury that the evidence of Whitehed and Streeter had no tendency to support the defence, or to charge the plaintiff with contributory negligence, in the absence of evidence tending to show that plaintiff was in fault in respect to the origin of the fire, which spread upon his lands. The court declined to charge as requested ; but did, as to this feature of the case, charge as follows :

" A question has been made by the defendant as to the negligence of the plaintiff in contributing to the injury of which he complains. You have heard the testimony upon this point, which, if I remember correctly, is confined to the testimony of witnesses as to the declarations of the plaintiff upon the afternoon of the fire, or the day of the fire, that the defendant was able to pay ; some remarks of that kind, which you will recollect ; and the testimony of the plaintiff himself as to his not attending the fire, and not going, and his state of health, and his feeble ability at that time, with reference to attending. I believe that is all the testimony in the case upon that point.

" In reference to this point, the court tell you that if you find

30

that upon the occasion of the fire he knew, or had good reason to believe, that the fire was burning, or would probably burn over his land, it was his duty to make reasonable efforts to save and protect his property, and that if his failure to do so, his neglect, in this respect, contributed as one of the causes of the damage he sustained, he cannot recover. But it is no bar to a recovery in this suit, if, considering his state of health, he did all that a prudent man could reasonably be expected to do under the circumstances as he was situated. Of course, he should take into consideration, or you would, in considering this question, what he ought to have done upon an occasion of that kind, his state of health, whatever you find it to have been from his testimony, the fire, or what he knew or what he was informed with reference to it, the state of the wind, and the probable question as to whether he could have prevented any further damage by going to the fire, or not. All these questions you are to judge of with reference to this matter."

Plaintiff excepted.

*J. G. Eddy*, for the plaintiff.

The question as to when, at what stage of the fire, knowledge was first brought to plaintiff, was taken from the jury, and they were told that if he knew the fire was burning in other woods, if at any time during the progress of the fire, knowledge of it was brought to plaintiff, and he failed to do his duty to protect his property from that time forward, and that failure contributed to his damage, it would be a total, complete defence to the suit.

There is no doubt of the general rule, that if the plaintiff's own negligence contributed to the injury, he cannot recover; but that rule must be applied in the light of reason and common sense, and hence it has been held that when the plaintiff's contributory negligence does not enter into the creation of the cause of action, but merely supervenes upon it, it is no defence, but merely goes in mitigation of damages. *Wilmot* v. *Harwood*, 39 Vt. 447.

Where the plaintiff by his own fault aggravates his injury and increases his damages thereby, but has not actually contributed to the whole injury which he has suffered, he is entitled to recover for the injury to the extent of the damage which he suffered without his fault. Shearman & Redfield on Neg. 35, n. 2½; *Sher-*

*man* v. *The Fall River Iron Co.*, 2 Allen, 524; *Hunt* v. *Lowell Gaslight Co.*, 1 Allen, 343.

*J. L. Martin* and *Haskins & Goodnow*, for the defendant.

It is not essential to this defence that the plaintiff should have in any degree been the cause of the act by which he was injured. The question is not whether the plaintiff's negligence caused the injury, but, did it contribute to the injury. Would the injury have been avoided by his exercise of ordinary care? If so, he cannot recover. Shearman & Redfield on Neg. sec. 34, n. 3, and cases cited.

Where the plaintiff was in a position to have prevented damage from the fire, and made no effort to do so, and therein was chargeable with a want of due diligence and care, he cannot recover from the company whose engines set the fire. Wharton on Neg. sec. 877; *Ill. Cen. R. R. Co.* v. *McClelland*, 42 Ill. 355.

His acts need not have become one of the causes of the damage. It is enough to defeat his right of recovery if his negligent acts concurred in, or contributed to, the injury. No question was made by either party on trial in the court below, that the plaintiff's negligence caused or contributed to any fractional part of the damage. The question there was this: The plaintiff being faultless as to the "origin" of the fire, should his subsequent negligence defeat his right of recovery? Upon this question, the court said that if the plaintiff's subsequent acts became, or contributed as one of the causes of the damage, he could not recover.

In the use of the words, "the damage," it is not a reasonable presumption that the court referred to any fraction, but to the whole damage. If it can be presumed that the verdict turned upon this point, the jury must have found under this instruction that the plaintiff's negligence contributed as one of the causes of the whole damage.

It does not appear that the plaintiff had suffered any injury at the time he received the information about the fire from Whitehed and Streeter. The presumption is, that he had not, for, if he had, he would have proven so material a fact.

The opinion of the court was delivered by

VEAZEY, J. It is not claimed by the defendant but that if the fire was burning on the plaintiff's premises when he first learned of it, his neglect to try and stop it then, though constituting negligence contributory to the damages thereafter accruing, would prevent his recovery for the damages already accrued, to which his negligence did not contribute, but which resulted solely from the defendant's negligence.

The only point of exception now insisted upon by the plaintiff is to the charge of the court to the jury. We think the charge would be understood by the jury as the plaintiff's counsel now claims ; that is, that if the plaintiff neglected to do what a prudent man would have done when he learned of the fire, it defeated his right of recovery for the previous as well as subsequent damages.

The point that the defendant makes is, that there was no pretence at the trial below that the fire had reached the plaintiff's premises when he was informed of it by Streeter, or that he had then suffered any damage, and insists that no claim can fairly and properly be made from the bill of exceptions that there was such claim.

The plaintiff insists the other way, and properly appeals to the bill of exceptions, which is our only guide.

We think the testimony of Streeter and the language of the court in the charge shows that there may have been such claim and that there was some ground for it. Giving the construction to the bill of exceptions which we think it demands, the charge of the court was in conflict with the rule conceded to be correct independent of statutory provisions ; to the effect that where the consequences of the defendant's negligence have subsequently been aggravated by the want of ordinary care, or by the negligence of the plaintiff, this may go in mitigation of damages ; but it cannot defeat the plaintiff's right to recover for the wrongs for which the defendant is responsible ; or in other words, that negligence on the part of the plaintiff tending merely to increase the damage suffered by him, is not a bar to an action as to the damage resulting from the defendant's negligence before the contribution by the plaintiff. *Wilmot*

v. *Howard,* 39 Vt. 447 ; Shearman & Redfield on Negligence, section 32, and cases cited in notes ; Wharton on Negligence, section 868 *et seq.,* and cases cited in notes.

Judgment reversed, and new trial granted.