## JOHN H. BELCHER V. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

### No. 763. Decided April 17, 1899.

**1. Carrier—Diligence—Sunday Trains—Charge.**

An instruction that a railway company was not under obligation to run its trains on Sunday, the suit being for delay in transporting property delivered to it on Saturday afternoon, should have been qualified by giving a requested charge submitting the question as to its negligence in not commencing the transportation on Saturday, where the evidence justified the submission of that issue. (Pp. 596, 597.)

**2. Contributory Negligence—Failure to Prevent Damage—Charge.**

A charge precluding plaintiff from recovery for damages to cattle by negligent delay in transporting feed purchased for same, if he contributed to the damage by neglect to procure other feed, was erroneous in making such default by defendant a bar to any recovery for the result of defendant's negligence; it prevented only a recovery for such of the damages as resulted from plaintiff's neglect. (P. 597.)

**3. Damages—Plaintiff's Neglect—Burden of Proof.**

The burden of proof was upon defendant to show that any part of the damages occasioned to plaintiff by defendant's negligence could have been prevented by the latter, and what part, if any. (P. 597.)

**4. Contributory Negligence—Plaintiff's Prior Act.**

The fact that plaintiff was negligent in delaying too long to order shipment of necessary feed for his stock would not prevent his recovery for damages caused by defendant's negligent delay in transportation after it was ordered. (Pp. 597, 598.)

**5. Charges—Request of Party Complaining.**

The fact that the party assigning error upon a charge requested that it be given, should appear of record, by written charges so requested, in order to estop him from complaining of such error. (P. 599.)

**6. Same—Bill of Exceptions.**

A bill of exceptions showing an oral request by plaintiff's counsel for repetition of instructions on a previous trial, understood by the court to embrace those complained of, but not so understood by counsel, will not establish estoppel against the plaintiff from assigning error on such instructions. (P. 599.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Belcher sued the railway company and appealed from a judgment in the trial court in favor of defendant. It was affirmed in the Court of Civil Appeals, and he obtained writ of error.

On a former appeal in this cause the opinion by the Supreme Court upon certified questions is reported in 88 Texas, 549, and 89 Texas, 428.

*Yancey Lewis, G. H. Giddings*, and *J. T. Adams*, for plaintiff in error, cited: Shear. & Redf. on Neg., sec. 32; Beach on Con. Neg., p. 64, p. 73, sec. 24; Stebbins v. Railway, 41 Am. Rep., 855; Secord v. Railway, 5 McCrary (U. S.), 515; Postal Tel. Co. v. Zopfi, 24 S. W. Rep., 633; Goshen v. England, 119 Ind., 368; Smithwick v. Hall, 59 Conn., 261; Hatfield v. Railway, 11 Am. and Eng. Ry. Cases, 153.

*Head, Dillard & Muse*, for defendant in error.—Belcher having asked the court to charge on the trial of this case as he charged before, can not now complain of the charge given by the court at his own request, even though the request was not made in writing. Yet if by verbal request he led the court to believe that he wished said charge given, and really did not intend that the court should give such charge, then, when the charge was given to the jury, he should have immediately called the court's attention to it so that there might be a correction of it. Walton v. Railway, 56 Fed. Rep., 1006; Railway v. Sein, 89 Texas, 67.

In this case the damages are not what the law calls direct, but only such as are consequential. They are such that there should be no recovery, unless defendant had notice they would likely follow from his. breach of the contract. Railway v. Belcher, 89 Texas, 428; Railway v. Belcher, 88 Texas, 549.

If the negligence pleaded as a defense is a cause contributing to bring about injury on account of which the suit is brought, it bars recovery, but if the injury as distinguished from the extent of the hurt is complete before the contributory negligence pleaded, and such negligence has only been to aggravate the extent of the hurt, then it would go in mitigation of damages. Railway v. Fleming, 14 Lea, 128. In this case an old colored man was put off the train. After being put off the train he voluntarily and without necessity walked a long distance. This walk and the injuries, inconvenience, and suffering caused thereby were not the natural and proximate cause of his being put off the train, and for this he could not recover. Railway v. Pindar, 53 Ill., 447. In this case fire from an engine burned a house. The owners had money in the house. They remembered it, then forgot it, and failed to save the money. Held, that the fire was not the proximate cause of the loss of the money and they could not recover. Milton v. Steamboat Co., 47 N. Y., 210. Plaintiff contracted with the steamboat company

to tow his steamboat Caloric from Albany to New York. The steamboat company was to place the Caloric between two other boats. It failed to do so. If it had done so no injury would have happened to the Caloric, but after the boat was placed on the side of the other boats instead of between them as agreed upon, the crew of the Caloric failed to exercise such care as they might have exercised to prevent the effect of defendant's negligence and it was held that the negligence contributed to the injury and would forbid plaintiff's recovery. Brandon v. Manufacturing Co., 51 Texas, 121.

BROWN, Associate Justice.—This suit was brought by appellant in the District Court of Cooke County on the 23d day of February, 1893, to recover of appellee special damages to 1500 head of beef cattle, caused by the negligence of appellee in failing to transport from Sherman to Gainesville within a reasonable time a certain carload of cotton seed hulls, delivered to it on Saturday, December 24, 1892, consigned to appellant at Gainesville, by reason whereof his cattle were for three days deprived of the proper and accustomed food, and were thereby greatly injured and damaged. It was also alleged that, at and before the time of delivery of said hulls to appellee at Sherman, it was informed and knew plaintiff's purpose in ordering said hulls, and that he was out of feed for his cattle, and that the same would suffer great injury without said feed.

"The answer was a general denial, and specially, that the hulls were received on the 24th of December, 1892, and were forwarded without unreasonable delay; that the next day was Sunday and Christmas—a legal holiday—and that it did not run trains from Sherman on such days, and was not bound to do so; that appellant was guilty of contributory negligence in not laying in earlier a sufficient stock of hulls for his cattle to cover Sundays and holidays; that he might have avoided the damages complained of by buying other food in Gainesville, where there was plenty; and that appellee had no notice of the necessitous condition of appellant at the time it received the hulls for shipment, and that the damages sued for were therefore not in contemplation of the parties at the time the contract was made.

"The record discloses that the car of hulls was delivered to appellee at Sherman before 2 p. m. on Saturday, December 24, 1892, and at that time we conclude the local agent at Sherman, who received same and issued the bill of lading, had no notice of the necessitous condition of Belcher at Gainesville, although there is some evidence that he did then have such notice. However, at 2:05 of the same afternoon a message was sent by appellee's local agent at Gainesville to its trainmaster at Denison, informing him of the facts and requesting that the car of hulls be forwarded from Sherman immediately. The message was in substance repeated by the trainmaster to the local agent at Sherman at 5:52 p. m. of the same afternoon. Appellee had a freight train which left Sherman that afternoon at 6 o'clock and arrived at

Denison at 7:05 p. m. of the same day. There was no freight train out of Sherman to Denison on Sunday over appellee's line.

"The hulls were not started from Sherman until Monday, the 26th, at 6 p. m., and consequently arrived at Gainesville on Tuesday about noon. The cattle lost considerable flesh by reason of having no hulls to feed with the meal. The evidence tends to prove that the meal is not fit to feed without the hulls, and also that where cattle have been fed for sixty days, as in this case, on cotton meal and hulls, neither straw, hay, nor corn will suffice to take the place of the hulls, and that any change in the food causes the cattle not to eat it and seriously affects them in weight and otherwise."

The Court of Civil Appeals made no findings of fact except as copied above. Upon trial before a jury, a verdict was rendered for the defendant and judgment entered thereon in the District Court, which judgment was affirmed by the Court of Civil Appeals.

The second ground of error stated in the application is that the District Court erred in refusing to give the following instruction, requested by the plaintiff: "Plaintiff requests the court to supplement its charge as to the duty of defendant to run a train on Sunday by giving the following: 'But if you find that the defendant was guilty of negligence in not getting the car of hulls out of Sherman on December 24, 1892, on which day it ran a train from Sherman to Denison, and if you further find that, but for this negligence, the delay in the transportation would not have occurred, then you should find for plaintiff, if you find the other issues submitted to you in his favor. If you find that the defendant ran a train from Denison to Gainesville on December 25, 1892, and that it was guilty of negligence in holding that car in Sherman on December 24, 1892, and that but for this negligence the car of hulls would have been transported to Denison in time to have been brought to Gainesville in the train which it ran from Denison to Gainesville, December 25, 1892, then upon this issue, you should find for the plaintiff.' "

The court gave the following charge: "The defendant is deemed by the law to have received said car of hulls from the time that its agent at Sherman issued and signed the bill of lading therefor, and it is for you to determine whether or not, from all the evidence before you, it was guilty of negligence in failing to transport said car to Gainesville within a reasonable time. But the defendant was under no obligations to run its train on Sunday, and can not be charged with negligence in failing to transport said car of hulls from Sherman on Sunday if it run no freight train over that line that day." The first part of the charge given defined in general terms the duty of the railroad company in shipping the carload of hulls, but qualified it by stating to the jury that the company was not bound to run its train between Sherman and Denison on Sunday. We think that the jury, in reading this charge, might have been led to believe that under the circumstances of the case the railroad company was not required to carry the carload of hulls to Deni-

son until Monday, and it was the right of the plaintiff in the case to have the court instruct the jury upon the very facts proved and to direct their minds to the very circumstances which were relied upon to establish the rights of the plaintiff in the case. The charge which was requested did no more than this, and should have been given by the court.

The court also instructed the jury as follows: "It was the duty of the plaintiff, and the law required it of him, to exercise ordinary care to prevent his cattle from suffering injury for want of feed, notwithstanding the defendant may have been guilty of negligence in transporting said cotton seed hulls, and if you find that plaintiff, by the exercise of such ordinary care as a reasonably prudent man would have exercised under similar circumstances, could have procured other feed for his cattle after he saw that said cotton seed hulls had not arrived, and if by his failure to procure such other feed he contributed to the injury of his cattle, you will find for the defendant."

The charge informed the jury, in effect, that if the plaintiff failed to use ordinary care to prevent the injury which might arise from the defendant's negligence, he could not recover from the railroad company for any damages sustained by him through its negligence. This charge applied strictly the rule of contributory negligence to acts which occurred after the injury had been inflicted, whereas the rule stated is applicable only to those acts which concur in producing the injury. Smithwick v. Upson, 59 Conn., 271. If, after the defendant failed to deliver the carload of hulls within a reasonable time, the plaintiff, knowing that fact, failed to use ordinary care to prevent injury to his cattle arising from the want of hulls as feed, he would not be barred of the right to recover the damages actually caused to him by the negligence of the railroad company which he could not, by ordinary diligence, have prevented, but would be entitled to recover that part of the damages which his diligence, if exercised, could not have avoided. Bardwell v. Town of Jamaica, 15 Vt., 438; Stebbins v. Railway, 54 Vt., 464; Oil Co. v. Bowker, 141 Ind., 12; Smithwick v. Hall & Upson Co., 59 Conn., 261; Bradford v. Downs, 126 Pa. St., 622; City of Goshen v. England, 119 Ind., 377; Gould v. McKenna, 86 Pa. St., 302; Hibbard v. Thompson, 109 Mass., 288; 1 Shearm. & Redf. on Neg., sec. 95.

What part of the damages the plaintiff should recover in such case must be determined by the jury from the facts. If the plaintiff showed negligence on the part of the defendant, he was prima facie entitled to recover all of the damages sustained, and the burden of proof rested upon the defendant to prove the negligence by which plaintiff enhanced the amount of the damage or failed to prevent the injury, as well as the extent to which such damages were enhanced or to which they might have been lessened by the use of ordinary care on the part of the plaintiff. Gould v. McKenna; Goshen v. England; Bardwell v. Jamaica, cited above.

In the sixth paragraph of its charge the court instructed the jury thus: "Or if you find that he failed to exercise ordinary care by de-

laying longer in ordering the car of hulls from Sherman than an ordinarily prudent man would have done under similar circumstances, and thereby contributed to his cattle's injury, you will find for the defendant, notwithstanding you may find that defendant was guilty of negligence in failing to transport said hulls from Sherman to Gainesville in a reasonable time."

In passing upon the application for writ of error, the above portion of the charge was not considered because it was not properly assigned in this court; however, since the case will be reversed, we think it proper to express our views of it, as the same question may arise on the next trial. The jury must have understood that language to mean, if Belcher delayed to order the carload of hulls longer than a man of ordinary prudence would, he could not recover for the injury arising from the failure of the railroad company to perform its contract. This is a novel proposition, for which we have not been able to find any authority; neither has counsel cited any. How the want of care on the part of the plaintiff before the contract was made with the railroad company could have any effect upon the rights of the parties under that contract, we are not able to see. Such an order as that given in this case is usually made to meet an emergency which may have been produced by accident or by the want of care of the person whose interests are imperiled. The doctrine announced in the charge is that a man who has not acted promptly will not be allowed to protect himself from evil results by a contract with another to supply what he has omitted to provide. The instruction is not sustained by authority nor justified by sound legal principles.

The part of the charge last copied is susceptible of the construction that the court intended to inform the jury that, if Belcher delayed ordering the carload of hulls for such a length of time as a man of ordinary prudence would not under like circumstances, and if his cattle, for want of the feed, became injured before the time at which the railroad company could, with due care, have delivered the carload of hulls, then the plaintiff could not recover, because by such negligence he had contributed to the injury. If so intended by the court, the proposition would be equally unsound as that before discussed, because the existence of injury to the property at the time that the defendant failed to comply with its agreement would not deprive Belcher of the right to recover for the damages sustained by him on account of the negligence of the railroad company. Even if the injury already done continued in its effect upon the cattle after the breach of the contract and produced a part of the injury which succeeded the defendant's failure to deliver the feed, still the plaintiff would not be thereby barred of recovering whatever damage he could show with reasonable certainty resulted from the negligence of the defendant. Gould v. McKenna, 86 Pa. St., 302. Such a state of case might present a similar difficulty, in determining what part of the injury resulted from the failure of de-

fendant, to that which arises whenever the subsequent negligence of the injured party aggravates the damages sustained. But the difficulty of so identifying the particular damage does not deprive the party of the right to recover it if it can be ascertained from the evidence.

It is claimed by the defendant in error that the charges under consideration were given at the request of or upon a suggestion by the plaitiff's counsel; therefore he can not be heard to complain. Article 1319, Revised Statutes, prescribes that either party may present to the judge in writing such instructions as he desires to be given to the jury, and the rules of practice require that the request be signed by counsel. Redus v. Burnett, 59 Texas, 576. If the plaintiff's counsel had orally requested the court to give the same charge that was given on a former trial and the court had refused to do so, the refusal could not have been assigned as error and reviewed in this court, because not written and signed. While it has been held by this court, and is a sound rule of practice, that one who leads the trial court into the commission of an error can not complain of it, we think that the act which is relied upon to defeat the right to have a charge reviewed should appear upon the record in such form that, if the request had been refused, the refusal could have been assigned as error and the action of the court reviewed. In other words, the attorney for a party is required to write and sign his request for charges so as to identify them and make himself responsible as the representative of the party and an officer of the court for his professional act, and whatever falls short of compliance with this rule, in our judgment, should not be held to estop either party upon the review of an error in the charge of the court.

From the bill of exceptions taken in this case, with its qualification by the plaintiff's counsel, which was allowed by the presiding judge, it appears that the language used by the counsel was not intended to embrace the entire charge, and, in its proper construction, would not embrace it; but the judge explains that the language used was by him understood to apply to the whole charge. We are of opinion that the misunderstanding which arose by reason of this oral statement ought not to be held to estop the plaintiff to challenge the correctness of the portion of the charge herein reviewed.

The District Court erred in giving the charge before indicated, for which the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*