St. Louis, Iron Mountain & Southern Railway Company v.
John Carlisle.

Decided January 16, 1904.

**1.—Admissions—Railroad Conductor—Authority.**
Where it in no way appeared that the delay, concerning which the state-
ments of a conductor were offered as admissions of negligence, was one to
the fault of such conductor, or that the schedule of the delayed train was in
any manner under his control, or that he had authority to speak for the rail-
way company in such matter, the statements were not admissible.

**2.—Carriers of Freight—Connecting Lines—Defective Car.**
Where a railway company receives from a connecting line a defective
car, loaded with cattle, and undertakes to transport the cattle in such car,
it thereby makes such car a part of its own agency, and is liable the same
as though the car was its own.

Appeal from the County Court of Mitchell. Tried below before Hon.
W. B. Crockett.

*Henry & Henry,* for appellant.

*Ben Randals* and *E. W. Bounds,* for appellee.

SPEER, ASSOCIATE JUSTICE.—John Carlisle sued the Texas & Pacific
Railway Company and the St. Louis, Iron Mountain & Southern Rail-
way Company in the County Court of Mitchell County and recovered
judgment for damages to a shipment of beef cattle intended for market,
upon an allegation of rough handling and delay. The latter company
alone appeals.

The first assignment of error is overruled for the reasons given in
St. Louis I. M. & S. Ry. Co. v. White, 8 Texas Ct. Rep., 517, 1 Gam-
mel's Law Journal, 613.

The second and third assignments are sustained. In the absence of
evidence showing the authority of the conductor to bind the company
by his declarations in the way of admissions of negligence, we must hold
that proof of such statements is inadmissible. The general rule is, that
before the admissions of one person are admissible in evidence against
another, it must appear that such person had authority to speak for the
other concerning such matter. This may appear, of course, in many
ways, but it must in some way appear. Here it in no way appears that
the delay to which the conductor's statements related was in any manner
due to the fault of such conductor, or that the schedule of the train was
in any manner under his control. In other words the admissions seem
to be concerning a matter in which he is not shown to represent the
company by which he is employed. We are cited to no case holding
such declarations of a third person admissible in evidence. The ques-
tion of the admissibility of the statements of the agent having authority
to bind his principal has recently been considered by us in Cooper
Grocer Co. v. Britton, 7 Texas Ct. Rep., 408, and in Standefer v.
Aultman & Taylor Mach. Co., not yet reported.

It is also urged that the trial court erred in submitting to the jury to determine the question of damages arising from the tracks of the appellant being out of repair in that there was neither pleading nor evidence to justify the submission of such an issue. This assignment must also be sustained upon the grounds urged. The error appears to have crept in, in connection with such a charge as to the other defendant in the case where the same may have been applicable and necessary.

Upon another trial the jury should not be allowed to include in their computation of negligent delay the time necessarily lost in stopping the cattle for food and rest under the Federal statute, as seems to have been done upon this trial.

Appellant asks us to hold that the Texas & Pacific Company alone would be liable for the special damages to that car of cattle which was delayed by appellant at Poplar Bluff on account of defects in the car, which defects existed at the time the same was turned over by the Texas & Pacific Railway Company to it at Texarkana, and which defects were such that it could not reasonably be expected to make the trip from Texarkana to St. Louis, the place of destination. But we think when it received the car from the first carrier and undertook to transport the cattle in it, appellant thereby made it a part of its own agency and means of transporting appellee's cattle, and is liable precisely the same as though such car was its own. Willingford v. Columbia & G. R. Co., 26 S. C., 258, 2 S. E. Rep., 19.

Other assignments not discussed are overruled.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused.