FORT WORTH & DENVER CITY RAILWAY COMPANY v. SNYDER & DUPREE.

Decided October 21, 1905.

**1.—Hearsay—Live Stock Shipment.**

Where in an action for injuries to horses during a shipment by rail plaintiff claimed that the injuries resulted from unnecessary shocks which were due to the fact that the engineer was not acquainted with the road, plaintiff's testimony that during the transportation a man on the engine, whom he took to be the engineer, stated that it was the first time he had been over the road, was improperly admitted over the objection that it was hearsay.

**2.—Evidence—Market Value—Estoppel to Claim Error.**

Where plaintiff, the shipper, over the objection of the defendant carrier, proved the market value of his live stock at an intermediate point, instead of at destination, but offered also to prove such value at destination, and that it was the same there as at the intermediate point, to which defendant also objected, defendant was not in a position to complain of the court's action in allowing proof of the market value at the intermediate point.

Appeal from the District Court of Tarrant. Tried below before Hon. Mike E. Smith.

*Spoonts & Thompson* and *J. H. Barwise,* for appellant.

*W. P. McLean,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant carried three cars of horses for appellees from Wichita Falls to Fort Worth; two of them destined to Miles Station, Texas, and the other one to Mount Vernon, Texas. On account of the rough handling of these cars between Wichita Falls and Fort Worth, the horses sustained injuries for which appellees recovered a verdict and judgment in the sum of $1,000.

One issue tendered in the petition of the appellees was that the engineer in charge of the train was not acquainted with the railroad, and that this was one cause of the "unusual, unnecessary, and severe shocks and jars." In order to sustain this allegation the appellees offered the testimony of Ed Dupree, to the effect that, during the night of the run from Wichita Falls to Fort Worth, he went to the engine of the train to get a drink of water, and asked the man on the engine, whom he took to be the engineer, how far it was from that place to Fort Worth, to which the man replied that he did not know the distance, as that was the first time he had ever been over the road. This testimony was admitted over the objection that it was hearsay, and we have been unable to find an answer to the assignment complaining of this ruling. The engineer denied making any such statement, and testified to his familiarity with the road; but for aught we know the jury may have accepted the testimony of Dupree and rejected that of the engineer. We doubt also the admissibility of the further testimony of this witness, which went in over objection, that he made frequent complaints that night to the train operatives of the manner in which his horses were being handled. (Railway v. Carlisle, 78 S. W. Rep., 553, 9 Texas Ct. Rep., 183; Railway v. Lock,

30 Texas Civ. App., 426, 70 S. W. Rep., 456, 5 Texas Ct. Rep., 1014.)

The appellees, notwithstanding the destination of the shipment as above indicated, proved the market value of the horses at Fort Worth, over the objection of appellant, but also offered to prove the market value at the points of destination, and that it was the same as that at Fort Worth, to which appellant also objected. In making the last objection, we think counsel for appellant erred and is therefore not in position to complain of the action of the court in allowing proof of the market value at Fort Worth. The rule on this subject is too well settled to require discussion.

Because the court erred in permitting Ed Dupree to detail the conversation between himself and the engineer or supposed engineer of the train, as above set out, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*