## QUANAH, A. & P. RY. CO. et al. v. GALLOWAY.

(Court of Civil Appeals of Texas.    Amarillo. Oct. 20, 1911.)

1. Carriers (§ 229*)—Live Stock—Injuries —Contributory Negligence.

If cattle had been injured before shipment by being dipped into crude oil, the fact that they were further injured by rough handling would not make the carrier liable for the entire damage.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 229.*]

2. Evidence (§ 129*)—Similar Conditions— Live Stock.

Where, in an action against a railroad company for injuries to cattle en route, defendant claimed that plaintiff contributed to their injury by dipping them in crude oil, evidence of another shipper that he dipped cattle in oil at the same place that plaintiff's cattle were dipped which reached their destination in good condition, was not admissible, in absence of evidence tending to show that the cattle of the second shipper were in the same condition as a result of being dipped in oil at such place when delivered to the carrier for transportation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393, 395–398; Dec. Dig. § 129.*]

3. Appeal and Error (§ 1050*)—Harmless Error—Admission of Evidence.

Error in admitting evidence is not reversible where other witnesses testified to the same effect without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4166; Dec. Dig. § 1050.*]

4. Evidence (§§ 244, 317*)—Admissions—Authority of Agent.

In an action against a carrier for injuries to cattle en route by rough handling, evidence that the conductor told the brakeman to tell the engineer that he was handling the train roughly and would have to stop it was not admissible, being hearsay, in absence of a showing that the conductor was authorized to make such statements so as to bind the company thereby; the admissibility as evidence against the employer of statements by an employé depending upon the powers delegated to him by his employer, and not merely upon the fact of his employment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936, 1174–1192; Dec. Dig. §§ 244, 317.*]

5. Evidence (§ 244*)—Hearsay—Statements by Employés.

In an action for injuries to cattle en route, claimed to have been caused by rough handling, an expense bill made out by the company's

---

employés, stating that eight cows were injured, and some skinned, apparently caused by rough handling, was not admissible against the company, in absence of a showing of authority in such employé to make such a statement so as to bind the company.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 244.*]

6. TRIAL (§ 85*)—ADMISSION OF EVIDENCE—OBJECTIONS — EVIDENCE ADMISSIBLE IN PART.

Where a part of the statements in an expense bill was admissible in evidence and a part was not admissible, a general objection to the admission of the expense bill was not sufficient to require exclusion of the improper part.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. § 85.*]

7. TRIAL (§ 252*)—INSTRUCTIONS—SUPPORT IN EVIDENCE.

In an action against a railroad company for injuries to cattle en route, proof merely that one of the cows got down and was helped up before leaving the starting point did not authorize an instruction that if a cow got down in the car and others fell over her, and were themselves trampled upon causing the injuries complained of, plaintiff could not recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

8. TRIAL (§ 191*)—INSTRUCTIONS—PROVINCE OF JURY.

A requested instruction, in an action against a railroad company for injuries to cattle, that if a cow got down in the car and others fell over her, and themselves got down, and were trampled upon, causing the injuries complained of, plaintiff could not recover, was properly refused as withdrawing from the jury the question raised by the evidence whether defendant's negligence in roughly handling the train caused a part or all of the injuries sustained.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

Appeal from Cottle County Court; W. E. Bray, Judge.

Action by W. W. Galloway against the Quanah, Acme & Pacific Railway Company and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Fires, Decker, Clarke & John, for appellants. Brown & Warlick, for appellee.

GRAHAM, C. J. This is an appeal from a judgment rendered on the verdict of a jury in the county court of Cottle county on October 7, 1910, for the sum of $325, in favor of appellee and against appellants, as damages resulting from alleged rough handling of a car of Jersey cows while in transit over appellants' lines from Ft. Worth, Tex., to Paducah, Tex. On October 7, 1910, appellee entered of record below in this cause his remitter in the sum of $55, so that the judgment appealed from is only for $270.

As grounds for reversal, appellants urge in this court five assignments of error, which will be disposed of in the order briefed.

[1] Under the first assignment, appellants challenge the correctness of the fifth paragraph of the court's charge, which is as follows: "You are further instructed that if you believe from the evidence that said cattle were damaged by being dipped in crude oil, but that the negligence of any of the defendants in rough handling the said cattle contributed to the damage or loss, then the defendants are liable for the loss sustained, and your verdict should be for the plaintiff." We think this portion of the court's charge erroneous, and that same authorizes the jury to find against the defendants for injuries to the cattle for which appellants were in no way legally responsible. The record tends to show that the cattle were in good condition as to flesh and health before being dipped in Ft. Worth, but within 36 hours thereafter one of the cows was down and had to be helped up, and there is other evidence from which a jury could have found that all the cattle had been materially damaged and lessened in value as a direct result of the dipping at the time they were delivered to appellants, and yet, under the charge of the court, if the acts of appellants added to their injury and further decreased the value of the cattle, appellants would be liable for the entire loss to the appellee, which is not the law, as the reasoning of the court in the case of Belcher v. Railway Co., 92 Tex. 593, 50 S. W. 559, cited by appellants shows. For the reasons given appellants' first assignment will be sustained.

[2] Under their second assignment, appellants contend that the court erred in permitting the witness Parson J. B. McCorley to testify in substance that he had shipped cattle from Ft. Worth, Tex., to Childress, Tex., which had been dipped at Ft. Worth before being shipped, and which had reached Childress in good condition. We think this evidence should have been excluded for the reason that there was no such predicate laid as would warrant its admission. There was no evidence introduced tending to show that the cattle in the two shipments were in the same condition as a result of their having been dipped when delivered for shipment at Ft. Worth. The isolated fact that one shipment had been made of cattle which had been dipped, and thereafter shipped, and which reached their destination in good condition, certainly does not tend to prove that because another shipment from the same place, which had also been dipped and which reached destination in a bad condition, the condition of the latter shipment at destination was not caused by the dipping, nor that their condition resulted from negligence in rough handling by the carrier. The case of H. & T. C. Ry. Co. v. Wilson, 50 S. W. 156, cited by appellants, is, we think, directly in point, and supports the conclusion announced by us.

[3] Because there is other evidence in the record from other witnesses to the same effect as that complained of in the second assignment and not objected to, the case will not be reversed because of this error. We

pass on it only in view of another trial. For the reasons last given, the second assignment will be overruled.

[4] Under appellants' third assignment, complaint is made of the admission of the evidence of appellee to the effect that between Ft. Worth and Quanah he heard the conductor tell a man he supposed to be the brakeman to tell the engineer he was handling the train rough, and that he would have to cut it out. As the evidence in the record fails to show that the conductor was authorized by the companies, or either of them, to make the statements complained of, such statements were pure hearsay as to appellants and not admissible, and for these reasons appellants' third assignment will be sustained.

The mere fact that the evidence shows that Cockrill was conductor on the train that handled appellee's cattle no more tends to show his authority to bind the companies by the statements attributed to him than showing that some section hand was in the employ of the companies would be sufficient to admit as evidence a statement made by him detrimental to the interests of his employer. The admissibility as evidence against the employer of statements made by an employé depends upon the powers and duties delegated to and imposed upon the employé by his employer, and not upon the mere fact of his being an employé, as is shown in the case of St. L., I. M. & S. Ry. Co. v. Carlisle, 34 Tex. Civ. App. 268, 78 S. W. 553. For the reasons given, appellants' third assignment will be sustained.

[5, 6] The reasons given in sustaining the third assignment would require the fourth assignment to be sustained also as to the portion of the expense bill reading, "Eight cows, more or less, stove up and stiff in walking; some few skinned, apparently caused by rough handling," had the objection been to the admission of that portion alone, but as the bill of exceptions shows that the objection was to the admission of the entire expense bill as evidence, and the portion thereof not copied above was admissible, the fourth assignment will be overruled. See Bynum v. Hobbs, 121 S. W. 900.

[7] We think the mere fact that one of the cows got down and was helped up before leaving Ft. Worth insufficient to require the court to submit the issue sought to be submitted in special charge No. 2, which, in substance, was, if a cow got down in the car and others fell over her, and as a result thereof themselves got down and were trampled on, thus causing the injuries complained of, plaintiff could not recover.

[8] If the evidence had sufficiently raised the issue, it was not error to refuse the requested charge in the form presented, because it withdrew from the consideration of the jury the question of whether or not the negligence of the defendants in roughly handling their train caused a part or all of the damage sustained by appellee. Belcher v. Railway Co., 92 Tex. 593, 50 S. W. 559, supra. For the reasons indicated, the fifth assignment will be overruled.

We note that appellants, in their brief, raise what they are pleased to call fundamental error, under which it is contended that because of the language used by appellee in his trial amendment neither the county court nor this court has jurisdiction of the amount in controversy; as we think it is clear that the trial amendment was intended to and does apply only to one item of the damages claimed and sued for in plaintiff's petition, we think the contention of appellants without merit and overrule same.

Because of the errors pointed out under the first and third assignments, the cause will be reversed and remanded, and it is accordingly so ordered.