## SAN ANTONIO PUBLIC SERVICE CO.
### v. JACKSON et al.

#### No. 9915.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1937.

Rehearing Denied March 24, 1937.

Templeton, Brooks, Napier & Brown and Clinton G. Brown, Jr., all of San Antonio, for appellant.

P. H. Long, of San Antonio, for appellees.

SLATTON, Justice.

Appellee Edna May Jackson joined by her husband, sued appellant, San Antonio Public Service Company, for personal injuries sustained by Edna May Jackson while a passenger on one of appellant's street cars. The theory of recovery of the appellees was that Edna May Jackson was a passenger on one of the appellant's street cars and at the time it stopped for her to get off, she arose and her foot became caught in a piece of wire or iron which was lying on the floor of the street car, at which time she fell and sustained personal injuries.

The trial was to a jury, and in answer to special issues submitted resulted in the entry of a judgment for $5,000 in favor of appellees and against appellant.

Appellant attacks the sufficiency of the evidence, claiming that the evidence is insufficient to show a case of negligence on the part of the appellant to go to the jury and to support the judgment here entered. In view of our conclusion on other questions raised by this appeal and the fact that on another trial the evidence may not be the same as here presented, we do not express an opinion on the sufficiency of the evidence here.

 Appellant assails the admission, over its timely objection, of the declaration of its claim agent as testified to by appellees, Mr. and Mrs. Jackson, and another. It appears that the declaration objected to occurred the next day after the accident in question, and is substantially as follows:

"Q. Now I will ask you what conversation you had with Mr. Johnson. You started to detail the matter and this other matter came up that we had to take up with the court. Now what was your statement about the conversation with Mr. Johnson? A. Well, Mr. Johnson said that it appeared when we showed him this iron, that it appeared to be to use to oil and clean the street car doors.

"Q. Well, when the iron was shown to Mr. Johnson, what if anything did he say about it? A. He just looked at it. I think that Mrs. Jackson showed it to him and he looked at the pipe and said it looked like a tool and pipe that they might use about the doors. I don't remember exactly what he said, but he said it looked like a tool they might use about the doors. I don't remember exactly what he said."

We are of opinion that this evidence was inadmissible as hearsay. The rule is well stated in 17 Tex.Jur. p. 552, as follows:

"Statements, declarations or admissions of an agent or servant against the interest of the principal or master, made in the course of the scope of the agent's or servant's authority and employment and in regard to an action or transaction pending at the time they were made, are admissible against the principal or master. To come within the rule, however, the declarations or admission must have been made in the course of the performance of the duties of the agent's or servant's employment and pertinent to and contemporaneously therewith."

It does not appear from the record in this cause that it would be in anywise connected with the duty of a claim agent to give his opinion with reference to any tools used by the Public Service Company in the repair of its equipment. Atchison, T. & S. F. Ry. Co. v. Bryan (Tex.Civ.App.) 28 S.W. 98; St. Louis, I. M. & S. Ry. Co. v. Carlisle, 34 Tex.Civ.App. 268, 78 S.W. 553; Reem v. St. Paul City Ry. Co., 77 Minn. 503, 80 N.W. 638, 778; Restatement of the Law of Agency, pp. 643, 644, § 286.

We think the evidence was inadmissible for an additional reason that it was an opinion of the witness, which objection was also urged by the appellant. In 22 Corpus Juris p. 299, § 326, it is stated: "Statements or admissions as to matters of opinion are not admissible as evidence of a fact."

The statement attributed to the claim agent of appellant was nothing more than an opinion of the declarant, and therefore inadmissible.

 By another assignment appellant assails the admission, over its objection, of a declaration attributed to its claim agent by the appellees, which statement was substantially that the claim agent offered to settle this case for the sum of $50 and the payment of the doctor's bills. The record shows without dispute that the doctor's bills amounted to approximately $200. The record further shows that shortly after the occurrence of the accident in this cause, the claim agent making the investigation had a limited authority to settle cases.

We are of opinion that the admission of this evidence, over the timely objection of appellant, was error. In the case of Webb-North Motor Company v. Ross (Tex.Civ.App.) 42 S.W.(2d) 1086, 1087, Mr. Chief Justice McClendon well stated the rule as follows: "Neither agency, the authority of the agent, nor the fact that he was acting within the scope of his employment can be proved by the declarations of the agent. Nor are such declarations admissible as primary evidence of the facts they detail."

At the time the declarations were offered, appellees' attorney stated that they

were offered as to the claim agent's authority to make a settlement. We think it inadmissible for this purpose. It is the policy of our law to look with favor· upon an offer of compromise or settlement, and we think to allow an offer of compromise and settlement to be used as evidence against a party would militate against public policy. This rule is sustained by our Supreme Court in International & G. N. Ry. Co. .v. Ragsdale, 67 Tex. 24, 2 S.W. 515, and S. D. Sullivan v. Missouri, K. & T. Ry. Co., 110 Tex. 360, 220 S.W. 769.

We are therefore met with the determination as to whether or not the admission of these declarations were such errors as require reversal. After reviewing the entire record and considering the evidence on the issues of liability, we are constrained to say that the admission of such evidence is such error as requires reversal. Appellees' case of alleged negligence of appellant was at most circumstantial as to whether or not the wire or iron had remained upon the floor. of the street car for sufficient length of time for the servants and employees of appellant to be charged with negligence in having failed to discover and remove such wire and iron. Therefore, it is apparent that the admission by the court of the opinion of the claim agent of appellant that the piece of iron appeared to be one that was used by appellant in the repair of the equipment used by it, would tend to persuade a tryer of the facts that the servants and employees of the appellant either placed the wire or iron on the floor of the street car or permitted the same to remain there an unreasonable length of time, and thereby appellant was guilty of negligence. Likewise the admission of an offer in compromise by the trial court would tend to influence the jury on the issue of liability.

Appellant, by several propositions, complained of the argument of counsel for appellees, a part of which was objected to on the trial and a part of which was not objected to until it filed its amended motion for new trial. While we think that a part of the argument was objectionable, yet in view of the fact that the same is not likely to occur on another trial, we will not discuss the same.

On account of the errors of the admission of the evidence above discussed, this cause will be reversed and remanded, and it is so ordered.