ALFRED NEAL, BY HIS FATHER AND NEXT
FRIEND, DAN. B. NEAL,

v.

BENJAMIN THORNTON.

OCTOBER TERM, 1894.

*Cross-examination.   Offer of settlement.*

In an action for trespass to the person the plaintiff introduced his
father as a witness, who testified that the defendant assault-
ed the plaintiff, his minor son, and broke his arm.   *Held*,
that the defendant could not show upon the cross-examina-
tion of this witness, as affecting his credibility, that witness,
who had employed the doctor, offered to settle the case for
the doctor's bill if the defendant would settle then without
farther ceremony.

Trespass for assault and battery.   Plea, not guilty.   Trial
by jury at the May term, 1894, Windsor county, THOMPSON,
J., presiding.   Verdict and judgment for the defendant.   The
plaintiff excepts.

*French & Southgate* for the plaintiff.

The offer of compromise could not be shown.   1 Greenl.,
Ev., s. 192;  2  Starkie, Ev., 38;. *Gerrish* v. *Sweetzer*, 4
Pick. 374–377.

*William Batchelder* for the defendant.

START, J.   The plaintiff in opening his case improved
his father as a witness, and his testimony tended to show
that the defendant assaulted the plaintiff and broke his arm.
On cross-examination, as bearing upon the credibility of the
witness, the defendant was allowed to show, subject to the
plaintiff's exception, that the witness offered to settle for the
doctor's bill for setting and caring for the plaintiff's arm if
the defendant would settle then without any further ceremony.
It appeared that the father employed the doctor and paid
him.

This offer was not an admission of any fact relating to the
extent of the plaintiff's injuries, about which the witness had
testified differently, but an offer to compromise a claimed
cause of action, provided the defendant would then pay the
sum named without further ceremony.   The offer being
thus conditioned, it was error to allow the jury to consider it
for the purpose of impeaching and discrediting the witness.
Such offers are usually made with a view of obtaining
friendly and amicable adjustment of differences, and for the
purpose of avoiding prolonged and expensive litigation.
Peace and friendship are of such worth that a man, for the
sake of preserving such relations, will forego his strict legal
right and submit to an abatement from his just claim.   The
offer which a man makes under such circumstances does not
represent his judgment of what he ought to receive at the
end of litigation, but what he is willing to take and avoid it.
The fact that a man has offered to compromise and settle a
just claim for a sum less than that to which he is legally en-
titled, for the purpose of preserving friendly relations and
avoiding litigation distasteful to him, does not tend to im-
peach him when he is called to testify respecting the same
subject matter while asserting his claim according to his
strict legal right, and is not admissible for that purpose.
*Harrington* v. *Lincoln*, 4 Gray 563 ; *People* v. *Genung*, 11
Wend. 20.   The fact that the witness had offered to com-

promise his claimed cause of action for what he had paid out for doctor's bills could not be legitimately considered for the purpose of impeaching him.

*Judgment reversed and cause remanded.*