(75 South. 740)

No. 22479.

HELTON v. MARTIN, Sheriff, et al.

(April 24, 1917. Rehearing Denied June 11, 1917.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ☞918(2) — REFUNDING BONDS — SUBMISSION TO VOTE — VALIDITY OF ISSUE.

Bonds issued under article 281 of the Constitution for the purpose of refunding bonds issued by a parish for the purpose of building a courthouse and jail are illegal, null, and void obligations, where the ordinance and proclamation submitting the proposition to the property taxpayers fail to state that the proposed bonds are to refund bonds issued previously by the parish, and where said proposition states that the bonds to be issued are for the purpose of erecting a courthouse and jail.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1920.]

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Action for injunction by John Helton against W. A. Martin, Sheriff, and others. Judgment for defendants, and plaintiff appeals. Judgment reversed, and writ of injunction ordered to issue.

Beauregard & Wright, of New Orleans, and P. L. Ferguson, of De Ridder, for appellant. Kay & Plauche, of De Ridder, for appellees.

SOMMERVILLE, J. September 10, 1913, the police jury of the parish of Beauregard adopted an ordinance providing for the issuance of $170,000 of bonds "for the purpose of obtaining funds to construct a courthouse and jail at De Ridder, for said parish." April 1, 1914, the police jury passed another ordinance, providing for the issuance of $24,000 "in addition to the funds already provided for such construction."

August 9, 1916, the police jury passed an ordinance calling for a special election to be held in the parish on the 12th day of September, 1916, "for the purpose of submitting to the vote of the qualified taxpayers of the parish of Beauregard, state of Louisiana, the following proposition:

"(a) A proposition to incur debts and to ratify and confirm the action of the police jury of Beauregard parish in incurring debts according to law for the construction of the courthouse and jail of Beauregard parish, a permanent public improvement, title to which shall vest in the public. Providing for the issuance of negotiable bonds for the payment therefor to the amount of $175,000.00 to run for the period of thirty years, bearing interest at the rate

of five per centum per annum, interest payable annually, for the purpose of paying for constructing (bridges) and permanent public buildings in said parish of Beauregard, state of Louisiana, title to which shall vest in the public. [This courthouse and jail had already been constructed under the ordinance of 1913.]"

By section 4 of this last ordinance, the president of the police jury was "ordered and instructed to issue his proclamation, giving notice of and calling said election" at the date fixed therein, "for the purpose of submitting to the vote of the qualified taxpayers of the parish of Beauregard, state of Louisiana, the proposition therein ordered to be submitted them." The ordinance further provides in section 7 that at the special election the proposition to be submitted to the taxpayers was:

"A proposition to incur debt and ratify and confirm the action of the police jury of Beauregard parish as aforesaid by the issuance of negotiable bonds to the amount of one hundred and seventy-five thousand dollars ($175,000.00) to run for a period of thirty years, bearing interest at the rate of five per centum per annum interest payable annually for the purpose of paying for constructing said permanent public buildings for the parish of Beauregard, state of Louisiana, title to which shall vest in the public.

| YES |
| NO |

"Taxable valuation ............ Signature of voter ............ by attorney in fact.

"Notice to Voters.—To vote in favor of the proposition submitted upon this ballot, place a cross (X) mark under the word 'YES'; to vote against it place a similar mark after the word 'NO.' "

On the 9th day of August, 1916, the president of the police jury issued his proclamation calling for the election and submitting:

"A proposition to incur debt and issue negotiable bonds for the parish of Beauregard, state of Louisiana, to the amount of five hundred thousand dollars (not one hundred and seventy-five thousand dollars as provided for in the ordinance), to run for a period of thirty years bearing interest at the rate of five per centum per annum, interest payable annually, for the purpose of constructing permanent public roads and bridges in said parish of Beauregard, state of Louisiana, title to which shall vest in the public."

It will be noticed that the proclamation not only does not call for bonds to be issued to the amount of $175,000, but it, the proclamation, provides that the money to be raised is for "the purpose of constructing permanent public roads and bridges in said parish of Beauregard," and not for building a courthouse and jail.

The plaintiff, alleging himself to be a resident citizen, voter, and taxpayer of the parish of Beauregard, attacks this last ordinance, of August 9, 1916, alleging that the new bond issue provided for in said ordinance is illegal and invalid for the reasons that under section 1 of article 281 of the Constitution the "only authority which is conferred by the vote of the people is for a debt to be incurred after a vote has been taken, and therefore the provision of this article cannot be availed of for the purpose of issuing bonds for a debt incurred previous to the vote; that in any event section 1 of article 281 does not authorize the issuance of bonds for the purpose of paying an antecedent debt."

Further, that the bonds issued for the building of the courthouse and jail, under the provisions of the ordinance of 1913, were issued under section 4 of said article 281, which authorizes police juries and other municipalities for such purposes to "fund into bonds running for a period not exceeding ten years, and bearing interest at a rate not exceeding five per centum per annum, which bonds shall not be sold for less than par, the avails of the residue of the ten-mill tax authorized by this Constitution," and that, "in any event, the proposition submitted to the people at the election held on September 12, 1916, aforesaid, while it speaks of ratifying and confirming a debt already incurred, it does not purport to in any manner authorize the issuance of bonds to refund such debt; that under the circumstances, the purpose of the issue was not sufficiently stated." Plaintiff further alleges that the bonds al-

ready issued were not yet matured, and would not mature for some time to come, and that no provision could be made for the issuance of refunding bonds in advance of the maturity of the outstanding bonds. He then asks for an injunction to restrain defendant, sheriff and ex officio tax collector, from collecting the special taxes levied under said ordinance of 1916, and that the police jury be restrained from issuing and selling the new courthouse and jail bond issue of $175,000 provided for in the ordinance of 1916.

The validity of the bond issue of 1913, issued under section 4 of article 281 of the Constitution is not assailed in this proceeding. The attack is levied at the proposed issuance of bonds under the ordinance of 1916 providing for apparently the same thing as that which was provided for in that of 1913; that is, for the purpose of building a courthouse and jail in the parish of Beauregard.

Defendants, in their answer, admit that the bonds in controversy were issued under the authority of article 281 of the Constitution; and they allege that the proposition submitted to the voters of Beauregard parish at the election held September 12, 1916, was "to refund the bonds issued under the Constitution and laws of this state to provide for the construction of a courthouse and jail for said parish;" and that said proposition "clearly sets forth the objects and purposes thereof, and was in compliance with the Constitution and laws of this state relative thereto; and that all those who participated in the said election and all citizens of the parish of Beauregard were well informed of the fact that the courthouse and jail had already been constructed and bonds issued therefor; that the new bonds in question were issued by a majority of the taxpayers, and when the said election was called the taxpayers knew the purpose for which the bonds were issued."

The parish of Beauregard had the right to readjust, refund, extend, or unify the bonded indebtedness issued by it under section 4 of article 281 of the Constitution, by the terms of section 6 of that same article; but the article (section 1) also provides:

"No bonds shall be issued for any other purpose than that stated in the submission of the proposition to the taxpayers, and published for thirty days as aforesaid, or for a greater amount than therein mentioned."

Neither the ordinance of 1916, nor the proclamation of the president of the police jury, indicates that the bond issue provided for in the ordinance of 1916 is "for the purpose of readjusting, refunding, extending or unifying their [its] bonded indebtedness." On the contrary, it is distinctly stated therein that the proposition submitted is "to incur debt and ratify and confirm the action of the police jury of Beauregard parish in incurring debt according to law for the construction of a courthouse and jail for Beauregard parish, a permanent public improvement, title to which shall vest in the public. Providing for the issuance of negotiable bonds in payment thereof to the amount of $175,000.00 to run for a period of thirty years, bearing interest at the rate of five per centum per annum, interest payable annually for the purpose of constructing (bridges) and permanent public buildings in said parish of Beauregard, state of Louisiana, title to which shall vest in the public." And, as has been stated, the proclamation of the president of the police jury, submitted to the voters of Beauregard parish:

"A proposition to incur debt and issue negotiable bonds of the parish of Beauregard, state of Louisiana, to the amount of $500,000.00 to run for a period of thirty years bearing interest at the rate of five per centum per annum, interest payable annually, for the purpose of constructing permanent public roads and bridges in the parish of Beauregard, state of Louisiana, title to which shall vest in the public."

The ordinance and the proclamation both fail to state the object of the police jury to be to refund the bonded indebtedness of the parish created by the ordinance of 1913, which defendants admit to have been the "purpose for which the bonds were issued."

Section 6 of article 281 distinctly provides that:

"Before any bonds shall be issued under this section the issuance thereof shall be authorized by a vote of a majority in number and amount of the taxpayers qualified to vote under the Constitution and laws of this state who vote on the proposition at an election held for that purpose, after due notice of said election has been published for thirty days in the official journal of the parish or parishes in which said subdivisions are located, or where there is no official journal, in any newspaper published in such parish or parishes," etc.

As has been seen, there has been no authorization "by a vote of the majority in number and amount of the property taxpayers" on the proposition to issue $175,000 worth of bonds for the purpose of refunding the issue of bonds in 1913 by Beauregard parish.

The action of the police jury of Beauregard parish, of date August 9, 1916, is contrary to the provisions of the Constitution, article 281, sections 1 and 6, and is null, void, and of no effect.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that a writ of injunction issue herein, restraining the police jury for the parish of Beauregard from taking any action against the plaintiff or his property growing out of his refusal to pay an additional two-mill tax imposed by virtue of the ordinance of the police jury of Beauregard parish of August 9, 1916, providing for the building of a courthouse and jail, and the issuance of bonds therefor, and that the bond issue provided for in said ordinance is unconstitutional, illegal, and invalid, with costs to be paid by defendants.

O'NIELL, J., concurs in the decree.