S. D. SULLIVAN v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
OF TEXAS.

No. 2579.   Decided April 21, 1920.

(220 S. W., 769.)

Evidence—Offer of Compromise.

A letter from one claiming compensation for personal injuries stating
that he "alleges his damages to be the sum of $500, which is offered as a
compromise" is not admissible in evidence against him in his suit for a
greater sum.  It should not be constructed as an estimate of his damages at
.that amount only, but as an offer to compromise at that amount, which should
not be received in evidence—especially so where the letter stated that he had
not fully recovered.  (Pp. 361, 362).

Error to the Court of Civil Appeals for the Third District, in an
appeal from Williamson County.

Sullivan sued the Railway Co. for damages for personal injury
and recovered judgment for $8400.   On defendant's appeal this
was reversed and remanded for error in excluding from evidence
offered by defendant the letter referred to in the opinion.  157 S.
W., 193.   Plaintiff obtained writ of error on the ground of conflict
of rulings between Courts of Civil Appeals.

*Nunn & Love,* for plaintiff in error, cited: Railway Co. v.
Kern, 100 S. W., 971; Railway Co. v. Stone, 60 S. W., 461;
Texas Co. v. Strange, 154 S. W., 327; San Antonio v. Stevens,
126 S. W., 669; Floresville v. Texas Co., 118 S. W., 194; Wirt v.
Smith, 101 U. S., 273; Railway Co. v. Ragsdale, 67 Texas, 24;
Jones on Evidence, 2d Ed. sec. 291; 2 Enc. of Law and Proc.,
45, 46; Railway Co. v. Wright, 115 Ind., 390; Finn v. Telegraph
Co., 64 Atl., 490.

*Alex. S. Coke, Spell & Sanford,* and *Luther Nickels,* for defend-
ant in error, cited: Railway Co. v. Smith, 77 S. W., 28; Railway
Co. v. Coombs & Rector, 80 S. W., 1045; Boyer v. Railway Co.,
76 S. W., 441; Railway Co. v. Lock, 70 Texas, 456; Railway Co.
v. Sullivan, 157 S. W., 193; 16 Cyc., 948; 2 Chamberlain on
Evidence, secs. 1445, 1446, 1447, 1449; 2 Wigmore on Evidence,
sec. 1061.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The writ of error was granted to settle the conflict between
the decision of the Austin Court of Civil Appeals in this case, 157
S. W., 193, and the decision of the Dallas Court of Civil Appeals
in the case of St. L. & S. W. Ry. Co. of Texas v. Kern, 100 S. W.,
971.

It was held in the latter case that a letter to the railway company's claim agent, presenting a claim for damages for personal injuries, assessed at $500, and expressing the hope that the claim agent would call at an early date and save trouble of suit, was an offer of settlement for $500 to avoid litigation, and was clearly inadmissible in evidence, as against the injured party, in his suit to recover larger damages of the railway company.

In this case, it was held that a letter to an agent of defendant in error, presenting a claim in behalf of plaintiff in error for damages for personal injuries, in which it was stated that defendant in error "alleges his damages to be the sum of $500, which is offered as a compromise," and asking the agent to take up the matter with defendant in error, in order that it might have an opportunity to settle, without suit, in the event it so desired, was not an offer of compromise, and that the letter was admissible in evidence against plaintiff in error, in his suit against defendant in error, to recover damages in a greater amount.

We do not construe the letter in behalf of plaintiff in error as did the Court of Civil Appeals. In our opinion, the letter does not admit of the interpretation that plaintiff in error had assessed his damages at $500, regardless of his offer of compromise. To so construe the letter is to ignore the words immediately following the statement of the sum at which plaintiff in error alleges his damages, such words stating that the sum of $500 is offered as a compromise. No proper meaning can be ascribed to these words which ignores concession on the part of plaintiff in error in stating his damages, since mutual concession is involved in the very nature of compromise.

In the case of Lanier v. Hammond Lumber Co., 141 La., 835, 75 So., 738, a letter was offered in evidence by the defendant Lumber Company written by counsel for plaintiff, in which the statement was made that the plaintiff and his attorneys felt that $250 would be commensurate with the personal injury sustained by plaintiff, and that $250 would be accepted in full settlement of his claim. The letter was held inadmissible by the Supreme Court of Louisana because it stated that it was an offer to compromise, and would be presumed that the offer was submitted under the tacit understanding that no advantage would be taken of it.

The cause of action stated in the letter to defendant in error was for unliquidated damages, and it was expressly declared that plaintiff in error had not fully recovered. To our minds, it is inconceivable that defendant in error did not understand plaintiff in error's purpose to sue for a larger amount, if it elected not to accept the offer of settlement for $500. The entire context refutes

an intent to state the amount of plaintiff in error's demand for any other purpose than compromise.

There is no claim that any part of the letter was admissible save the portion which we construe as the statement of an amount, which plaintiff in error offered to take by way of compromise. Such portion was offered as tending to refute the averment by plaintiff in error that his injuries were serious and permanent. The decision of the trial court, in excluding the testimony, followed the universally accepted rule which renders inadmissible an offer to pay or accept a compromise sum in order to avoid litigation. 1 Greenleaf on Evidence (16th Ed.), sec. 192; 2 Jones on Evidence, sec. 291; 2 Wharton on Evidence, sec. 1090; Chamberlayne's Hand Book on Evidence, secs. 576, 579, 581; 16 Cyc., 946. As pointed out in section 192, Greenleaf on Evidence, a conclusive reason for excluding compromise offers was thus stated in Neal v. Thornton, 67 Vt., 221, 31 Atl., 296: "The offer which a man makes under such circumstances does not represent his judgment of what he ought to receive at the end of litigation, but what he is willing to take and avoid it."

The case of International & G. N. Ry. Co. v. Ragsdale, 67 Texas, 27, 2 S. W., 515, determines that a mere offer by a defendant to pay a sum in settlement will be considered as though made without prejudice and will be excluded: because it impliedly manifests a purpose to buy peace. The same reason obviously requires the exclusion of every offer by a plaintiff to accept a certain sum not as the full amount of his lawful demand but by way of compromise, as was correctly held in St. Louis & S. W., Ry. Co. of Texas v. Kern, 100 S. W., 971.

The judgment of the trial court having been reversed solely because of the exclusion of the letter from plaintiff in error's counsel, it follows that the judgment of the Court of Civil Appeals should be reversed and that the judgment of the District Court should be affirmed, and it is so ordered.

*Reversed and judgment of District Court affirmed.*