HINES, Director General of Railroads, v. McDONALD. (No. 8054.)

(Court of Civil Appeals of Texas. Galveston. May 5, 1921.)

Witnesses ⬥379(4)—Owner's statement of value of animal killed by train admissible to contradict his testimony.

In an action against a railroad company for the value of a cow killed by a train, it was error not to admit plaintiff's written statement prior to the institution of the suit as to the value of the cow, which he placed at $150, where he testified in the suit that the cow was worth $200 or more, and obtained judgment for $199.

Appeal from Anderson County Court; Mills D. Reeves, Judge.

Action in justice court by J. B. McDonald against Walker D. Hines, Director General of Railroads, operating the International & Great Northern Railroad, for the value of a cow. Judgment for plaintiff, and upon appeal and trial de novo in the county court, judgment was also rendered for plaintiff, and defendant appeals. Reversed and remanded.

Dabney & King and John B. King, all of Houston, and Morris & Fulbright, of Palestine, for appellant.

A. G. Greenwood, of Palestine, for appellee.

PLEASANTS, C. J. Appellee brought this suit to recover the value of a cow killed by a train operated by appellant on the International & Great Northern Railroad in Anderson county.

The value of the cow was alleged to be $199, and suit was originally brought in the justice court, where judgment was rendered for the plaintiff for the sum claimed, and upon appeal and trial de novo in the county court a like judgment was rendered. From this judgment the defendant below prosecutes this appeal.

For the purposes of this appeal it may be conceded that the cow was killed at a point on the railroad at which the railway company was not required to fence its track in order to relieve itself of liability in the absence of proof that the killing of the animal was caused by its negligence.

We are not prepared to hold that the evidence is insufficient to sustain the finding that the cow was killed by the negligence of the operatives of the train, and appellant's assignments raising this question cannot be sustained.

The several issues of negligence on the part of the operatives of the train raised by the evidence were properly submitted to the jury by the charge given by the court, and the assignment complaining of the charge cannot be sustained.

The remaining assignment complains of the ruling of the trial court sustaining plaintiff's objection to the introduction in evidence by the defendant of a written statement made by the plaintiff prior to the institution of the suit as to the value of the cow.

The bill of exceptions shows that—

"After the plaintiff had introduced his testimony and after he had testified and had other witnesses testify for him that the value of the animal killed was $200 or more, the defendant then presented to him a stock report which he admitted signing. This report was dated April 1, 1919 (the cow having been killed March 28, 1919), and in said report appears the following as question No. 19 of said report: 'Question: What does the owner say was the actual selling value of the animal on the open market? Answer places the value at $150.'

"When this evidence was offered the plaintiff's attorney objected to it on the ground that it was immaterial and irrelevant, and that an effort to compromise was not admissible in evidence. The defendant's attorney stated at the time that it was offered as an admission of the plaintiff against his interest, and also for the purpose of contradicting his testimony already given to the effect that the cow was worth $200 or more, and to show that the cow was worth only $150, as stated by the plaintiff himself immediately after she was killed. The court sustained the plaintiff's objection, excluded the evidence from the jury, to all of which the defendant then and there in open court duly excepted and tendered his bill of exception."

We think the court erred in this ruling. The value of the cow at the time and place she was killed was the measure of plaintiff's damage, and this value was one of the contested issues on the trial, and the written statement made by the plaintiff of this value shortly after the animal was killed was clearly admissible for the purpose of contradicting his sworn statement on the trial fixing the value of the cow at $200 or more. There is nothing in the statement itself, and no evidence was offered in connection therewith

showing or tending to show that plaintiff's written statement of the value of the cow was made in an effort on his part to effect a settlement or as an offer of compromise. So far as this record shows, the statement truly expressed his best judgment of the value of the cow, and not merely what he was willing to take to avoid litigation. The statement offered in this case is, we think, clearly distinguishable from the statement held inadmissible by our Supreme Court in the case of Sullivan v. Railway Co., 110 Tex. 360, 220 S. W. 769, and the well-settled rule that an offer of compromise cannot be used in evidence against the party making the offer which was applied in the case cited cannot be applied to the statement offered in this case.

The state of the evidence upon the question of the value of the cow was such that the error of the court was, we think, reasonably calculated to cause and probably did cause the rendition of an improper judgment.

It follows from these conclusions that the judgment should be reversed, and the cause remanded for a new trial and it has been so ordered.

Reversed and remanded.