AMERICAN GENERAL INS. CO. v. FORT
WORTH TRANSIT CO.

No. 14830.

Court of Civil Appeals of Texas.
Fort Worth.

May 2, 1947.

Rehearing Denied May 2, 1947.

Frank Massey, of Fort Worth, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson, W. D. Smith, and Byron Scarborough, all of Fort Worth, for appellee.

HALL, Justice.

On March 28, 1947, we handed down an opinion reversing the judgment of the trial court and ordering the cause remanded. We adhere to our opinion that there was reversible error, and that the cause should be remanded, and leave our judgment of that date undisturbed, but have concluded to withdraw our original opinion and to substitute therefor the following as our opinion in the cause:

Appellant American General Insurance Company sued appellee, Fort Worth Transit Company, Tarrant County, Texas, in the County Court at Law Number Two of said County, alleging a cause of action for damages done to the automobile of one O. B. Swanson, resulting from a collision between said automobile and a bus of appellee. Said appellant claiming right of subrogation by reason of an insurance

policy issued to said Swanson containing a $50 deductible clause; that subsequent to the collision and damage in question, the appellee, with full knowledge of the existence of such insurance policy, its provisions pertaining to the $50 deductible clause and the right of subrogation, settled the claim with O. B. Swanson including the property damage to said automobile; leaving undisposed the amount subrogated by O. B. Swanson to the appellant Insurance Company; and alleged further, that appellee thereby admitted liability and became responsible to appellant for full amount of the automobile damage sustained by Swanson, in excess of the $50, which said appellant was forced to pay said Swanson, in the sum of $483.90. Appellant alleged, in the alternative, that appellee was liable upon its negligence, which was the proximate cause of the collision; and that it became heir by subrogation.

Appellee answered by general denial and alleged its settlement with O. B. Swanson was in the nature of a compromise of the disputed claim and was not an admission of liability; that it was a settlement for personal injuries. It plead unavoidable accident; new and independent cause; and contributory negligence. Appellee excepted to appellant's allegations and the following in substance were sustained by the trial court:

First, the trial court struck the allegations from plaintiff's petition, where it was alleged that the defendant had paid O. B. Swanson $500 in settlement of his claims, exclusive of that part of his claim subrogated to the plaintiff Insurance Company, but inclusive of $50 of the damage to the automobile insured by the plaintiff, with full knowledge of the insurance contract between O. B. Swanson and the plaintiff.

Second, the trial court struck the allegations in appellant's petition wherein it was alleged that the defendant admitted liability by settling with Swanson; thereby rendering itself liable to appellant in the sum of $483 as amount of the damage done to Swanson's automobile, for which said amount appellant had paid Swanson. To the above action of the trial court, appellant cites as error in their Point Number One.

It sets out in its Point Number Two, that the court erred in refusing to admit in evidence before the jury the payment by appellee to O. B. Swanson the sum of $500 in settlement of his claim.

Fourth Point: The Court erred in striking from plaintiff's petition the allegation that the automobile of O. B. Swanson, following its damage as result of the collision, was repaired, and that after it was repaired it was depreciated in value as compared with its value prior to the time of the collision by the amount of $50.

Fifth Point: The error of the Court in refusal of admission into evidence of work orders testified to by the witness N. A. Lunday as representing and showing work done and necessary to be done, and parts installed and necessary to be installed to and in repair of the automobile of O. B. Swanson on account of damage done to it in the collision in question.

Sixth Point: The error of the Court in instructing a verdict for the defendant at the close of plaintiff's testimony.

The case was tried before a jury and at the close of appellant's testimony the court instructed a verdict for appellee.

We overrule appellant's contention in Point Number One for the reason that it made a contract with Swanson to pay for damages done to his automobile resulting from collisions and when it paid such damages, it, for the first time, had a right by subrogation to sue appellee, which it did, for the amount of damage done to the car insured by it. Ricketts v. Alliance Life Insurance Co., Tex.Civ.App., 135 S.W. 2d 725, writ dismissed; Fidelity & Deposit Co. of Maryland v. Farmers & Merchants National Bank, Tex.Civ.App., 121 S.W.2d 503; Sherman v. El Paso National Bank, Tex.Civ.App., 100 S.W.2d 402, writ dismissed; Ellis v. Arnold, Tex. Civ.App., 258 S.W. 570; Askey v. Stroud, Tex.Civ. App., 240 S.W. 339; American Juris., Vol. 29, page 1005. We further find that appellee had a right to settle any claim that said Swanson might have against it for damages; especially for personal injuries which he received; but the mere fact that appellee compromised the claim which Swanson had against it, does not render appellee, per se,

liable to appellant, because appellee having the right to buy its peace, does not necessarily admit liability by doing so. We do not find the following cases in point which are relied upon by appellant to bind the appellee, as admitting liability, because of appellee's settling the claim with the assured, to-wit, Hartford Accident & Indemnity Co. v. Week's Drug Store, Tex.Civ.App., 161 S.W.2d 153; Texas Employers Insurance Association v. Fort Worth & Denver City R. Co., Tex.Civ.App., 181 S.W.2d 828; Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713, 716, for the reason that these cases deal with altogether a different statute. As stated in the opinion of the Traders & General Ins. Co. v. West Texas Utilities Co., supra, "The right of the association to reimbursement out of the first money paid is statutory." We find that before appellant can recover from appellee, it must first allege and prove a cause of action under the law that will justify such finding. In other words, the judgment must be supported by competent evidence that appellee was a tort feasor and its negligent acts was the proximate cause of the accident. Magnolia Pipe Line Co. v. Security Union Ins. Co., Tex.Civ.App., 37 S.W.2d 1062; Hamilton Fire Insurance Co. v. Maurice N. Greger, 246 N.Y. 162, 158 N.E. 60, 55 A.L. R. 921; 24 Texas Juris. 1179, paragraph 337.

We find there is merit in appellant's Point Number Six wherein it complains of the trial court instructing a verdict for the defendant at the close of its testimony. The question involved is whether there was sufficient testimony adduced under proper pleadings to present a question of fact for the jury, pertaining to negligence on the part of the appellee, amounting to a proximate cause of the collision and resulting in damages to the Swanson automobile. We find the following pleadings in appellant's petition sufficient to raise a cause of action: "That at said time and place the defendant through its agent, servant and employee, bus driver, and mechanic was driving its bus on a test run and said bus was proceeding in a westerly direction along said street and was approaching the automobile of O. B. Swanson at a high and unlawful rate of speed and without signal by horn or otherwise of its intentions and without lookout or precaution, * * * and immediately thereupon, and continuing at such unlawful rate of speed, the driver of the said bus turned from his proper side of the street and at the same time carelessly applied the brakes on said bus so that the tires thereon skidded on the wet pavement of the street, a light rain being falling at the time, said bus traveled out-of-control across the south one-half of Vickery Boulevard at a time when said one-half of the street was not clear and unobstructed for more than 200 feet ahead of defendant and his bus, and said bus ran into, against and upon the automobile of O. B. Swanson, knocking said automobile backward and to the side and into and upon the concrete curb of Vickery Boulevard's south border, so that it struck against said concrete curb with force and violence. That said bus of the defendant was heavy and of a registered gross weight in excess of 6000 pounds and capable of inflicting serious damage upon automobiles with which it might come into collision. There was plenty of room to the left of the automobile of O. B. Swanson in the direction in which it was going at said time and place and upon said occurrence for the defendant to have steered its bus in said space without damage to the said automobile. That defendant, contrary to its duties to lawfully and carefully operate its said bus in such manner as to avoid injury or damage to other persons and property using the streets, carelessly ran and operated its said bus and drove same into the automobile of O. B. Swanson, and it did collide with the automobile of O. B. Swanson, damaging it extensively as hereinafter described."

The above pleading, along with five other specific allegations of negligence, which we deem unnecessary to mention, was plead as the sole proximate cause or proximate cause of the collision in question, and all damages sustained by Swanson's automobile.

We also find there was sufficient evidence for the case to go to the jury. The witness Swanson testified as follows: That the

speed of the bus was approximately 25 miles per hour; that the first thing he saw that indicated the abnormal travel of the bus was when he saw the driver of the bus cut his wheels to the left and start out toward the middle of the street; that he, Swanson, began to slow down; that when he saw the bus was coming at him and swinging around broadside, he, Swanson, speeded up his car in trying to dodge the bus, but that he was unsuccessful, in that the right front corner of the bus hit the left front fender of his car and scraped it clear on back, tearing the fenders off, smashing in the doors, and knocking his car off the street, with the exception of the left wheels; on cross examination he testified, to the effect, that the wheels of the bus were cut to the left and it kept coming across the street; that the bus had to skid· while the wheels were in that position; that it skidded and turned clear around in the opposite direction from which it was going, and that while doing so, it appeared to be out of `control. McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901; Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742; 10 Blashfield's Cyc. Automobile Law and Practice, Perm. Ed., §§ 6599 and 6608.

We overrule appellant's Point Number Two for the reasons set out in our discussion of Point Number One, and the further reason that a compromise and settlement agreement is never admissible without the aid of a Statute, where the party offering the settlement does not admit liability, especially when such settlement is made to a third party. Missouri K. & T. R. Co. of Tex. v. Fulmore, Tex.Civ.App., 29 S.W. 688; Sullivan v. Missouri K. & T. R. Co., 110 Tex. 360, 220 S.W. 769; 17 Tex.Juris. 559, 563; Merchants' Cotton Oil Co. v. Acme Gin Co., Tex.Civ.App., 284 S.W. 680; Hamilton v. Hannus, Tex.Civ.App., 185 S. W. 938; Wigmore on Evidence, Vol. 4,

Sect. 1061; International & G. N. R. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515.

Appellant alleged as its measure of damages the sum of $483.90 which it had paid to Swanson under the policy. Appellant alleged that the cost of repairs to the car was not less than $550, and that after the car was repaired its value was at least $50 less than before the collision. Upon special exception the Court struck the allegation pertaining to the depreciation in value in the amount of $50. Under the Fourth Point of Error it is contended that this ruling of the Court was error.

Appellant's measure of recovery was the $483.90 which it paid to Swanson, provided Swanson's automobile was damaged to that extent. Appellee contends that there was no reasonable error in the ruling of the Court in striking the allegation respecting the depreciation of $50, on the ground that both pleading and proof showed that the repair bill was in excess of the $483.90 which appellant had paid to Swanson under the policy. So far as we know, the jury might not have accepted in full the testimony that the reasonable cost of the repairs was the amount pleaded and shown by the evidence. The allegation of depreciation was a proper allegation of damage done to Swanson's car, and should not have been stricken. Appellant was entitled to plead and prove the full extent of the damage done to Swanson's car, although, as has been said, its recovery could not exceed the amount which it had paid to Swanson under the policy.

Appellant's Point Number Five need not be discussed since the case will be re-tried and it is possible that the evidence may be adduced in a different manner.

Judgment reversed and cause remanded. Appellant has filed a motion for rehearing, which has been carefully considered and on this day is overruled.