SKYLINE CAB COMPANY et al., Appellants,

v.

Mrs. Nena BRADLEY et al., Appellees.

No. 13427.

Court of Civil Appeals of Texas. Houston.

May 21, 1959.

Rehearing Denied June 18, 1959.

Davis, Jr., Houston, of counsel, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Charles M. Haden and Bob Shannon, Houston, for appellee, Mrs. Emma Foster.

Musick, Musick & Heath and Ted Musick, Houston, for appellee, Mrs. Nena Bradley.

WERLEIN, Justice.

Appellee, Mrs. Nena Bradley, sued Sam Auippa, d/b/a Skyline Cab Company, and Skyline's driver, John Bailey, appellants, and also Mrs. Emma Foster, to recover damages for personal injuries sustained by her when a passenger in Skyline's cab which collided with an automobile driven by Mrs. Foster in the intersection of Austin and Pease Streets in Houston. Appellee settled with Mrs. Foster for $4,200 and the suit was dismissed as to her. Appellee then filed her fourth amended original petition upon which the case went to trial, omitting Mrs. Foster as a defendant. Thereafter Skyline sued Mrs. Foster as a third party defendant for damages to the cab in the sum of $464.62. Mrs. Foster filed a separate suit against Skyline for damages sustained by her in the collision, and Skyline's driver, Bailey, filed a separate suit against Mrs. Foster to recover damages for personal injuries sustained by him. By agreement the three suits were consolidated.

The jury found both Skyline's driver and Mrs. Foster negligent and neither recovered against the other. On the jury verdict the Court entered judgment for appellee, Mrs. Bradley, against appellants for $10,300, being the amount awarded her by the jury, less the amount which she had been paid by Mrs. Foster in the settlement aforesaid, and further decreed that Skyline take nothing against appellee, Mrs. Foster, on its third party action against her for damages to the cab.

Vinson, Elkins, Weems & Searls, Houston, Thomas B. Weatherly and Sam W.

Appellants, in their first Five Points of Error, contend that the Trial Court erred

in failing to render judgment for them non obstante veredicto in Mrs. Bradley's suit against them and also on their third party action against Mrs. Foster. They assert that Mrs. Foster's negligence proximately caused the accident, that appellants had the right of way, and that the answers of the jury to issues on appellants' lookout and proximate cause should have been held for naught, and that the Court erred in adjudging all costs against them.

The evidence shows that in three parallel lanes on Austin Street, a one-way street, appellant's cab, the car of witness Mr. Azios, and another car, had come to a stop facing north before entering the intersection at Pease, in compliance with a red light facing them. When the light turned green, said motor vehicles started up. Mr. Azios, whose car was between the cab on his left and the other car on his right, testified that he had moved a very short distance when, seeing Mrs. Foster's car entering the intersection, he immediately stopped, as did also the car on his right. Appellant's cab, however, continued to move to a point about one car length into the intersection when it was struck by the car driven by Mrs. Foster.

The jury found: (1) negligence of appellants and appellee, Mrs. Foster, proximately caused the collision which was the basis of appellee's suit; (2) appellants failed to keep such lookout for automobiles proceeding in a westerly direction on Pease Street as would have been kept by a very cautious and prudent person in the exercise of a high degree of care under the same or similar circumstances, and that such failure was a proximate cause of the collision in question; (3) that appellants failed to keep such lookout for automobiles proceeding in a westerly direction on Pease Street as would have been kept by a person of ordinary prudence, and such failure was a proximate cause of the collision; (4) that the cab driver failed to make such timely application of his brakes at the time of and immediately before the collision in question as would have been made by a very cautious and prudent person in the exercise of a high degree of care, and that such failure was a proximate cause of the accident; (5) that the cab driver failed to make such timely application of his brakes as would have been made by a person of ordinary prudence, and such failure was a proximate cause of the accident; (6) that appellee, Mrs. Foster, was negligent in running a red light on Pease Street, and such negligence was a proximate cause, but not the sole proximate cause, of the collision; (7) that appellee, Mrs. Foster, was negligent in failing to keep a proper lookout for automobiles proceeding in a northerly direction on Austin Street and such negligence was a proximate cause, but not the sole proximate cause, of the collision; and (8) that appellee, Mrs. Foster, was negligent in failing to make a timely application of her brakes, and that such negligence was a proximate cause, but not the sole proximate cause, of the collision.

Appellants do not attack the jury's findings that they failed to maintain a proper lookout and failed to make a timely application of their brakes, but argue that since the cab had the right of way, although the jury found that appellee, Mrs. Foster, had entered the intersection first, it owed no duty to apply its brakes, and that the cab driver's failure to keep a proper lookout could not have been a proximate cause of the accident because of the act of Mrs. Foster in running the red light and in failing to make any application of her brakes. They rely upon the case of McCall v. Williams, Tex.Civ.App., 311 S.W.2d 743, writ ref., n. r. e., wherein the jury found that Mrs. McCall had kept a proper lookout, but had failed to swerve to the left and to apply her brakes before the collision, and that such acts constituted negligence which proximately caused the collision. In that case it was established by evidence of a conclusive nature, not only that Mrs. McCall entered the intersection first, but that the collision occurred when she was about two-thirds through the intersection, the other

car running into the right side of her car. It was further stated by the Court that the other car, as it approached the intersection, was moving very slowly and there were no circumstances to alert Mrs. McCall to the possibility that the Hughes car would not respect her right of way and hence there was no duty on the part of Mrs. McCall to veer to the left or to apply her brakes.

We think the present case and the McCall case are distinguishable in that the jury found that the driver of Skyline's cab failed to keep a proper lookout and failed to apply his brakes timely, and there is nothing to show that he would not have been alerted to the danger and have avoided the collision had he kept a proper lookout. Both Mr. Azios and the driver of the car on Mr. Azios' right did see Mrs. Foster's car enter the intersection and they applied their brakes in ample time to avoid a collision. The jury found that Mrs. Foster entered the intersection before Skyline's cab, but they also found she entered when a red light was facing her. Since both appellants and appellee, Mrs. Bradley, pleaded with reference to the traffic lights, it was unnecessary to prove that they were lawfully installed and in operation. Fontenot v. Davis, Tex.Civ.App., 296 S.W.2d 939.

We do not agree with appellants that the cab driver was relieved of the responsibility to maintain a lookout, and to make timely application of his brakes, or to take other precautions for his own safety and that of others, simply because he had the right of way.

In the case of Intges v. Dunn, 311 S.W. 2d 877, 881, writ ref., n. r. e., this Court said:

"The rule is often stated that a person is not bound to anticipate negligence or unlawful conduct on the part of another. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063. However, it does not necessarily follow, as a matter of law,

that a person who has the right of way at an intersection is under no duty to exercise such care for his own safety as a reasonably prudent person would exercise under the same or similar circumstances. Thus, every person proceeding along and across a public thoroughfare is under the duty at all times to maintain a proper lookout and a proper control of his vehicle for his own safety, and may not proceed blindly and heedlessly in disregard of dangers that might reasonably be anticipated to exist. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Blunt v. H. G. Berning, Inc., Tex.Civ.App., 211 S.W.2d 773, writ ref.; Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135, writ ref.; Tidy Didy Wash v. Barnett, Tex.Civ.App., 246 S.W.2d 303, writ ref., n. r. e.; Johnson v. East Texas Motor Freight Lines, Tex.Civ.App., 271 S.W.2d 708."

Appellants do not assert in any point of error that the Court should have held for naught the jury's finding that the cab driver failed to apply his brakes timely or that such failure was a proximate cause of the collision. Their Points of Error are directed only to the issues on lookout and proximate cause in connection therewith. It should be noted here that while appellants were under only the duty of exercising ordinary care as to appellee, Mrs. Foster, they were required to exercise a high degree of care towards their passenger, Mrs. Bradley. We think the jury's findings that the cab driver negligently failed to keep a proper lookout and negligently failed to make timely application of his brakes, and also the jury's findings on proximate cause, are amply supported by the evidence and constitute such contributory negligence on the part of appellants as to prevent them from recovering against appellee, Mrs. Foster. Contributory negligence is generally a question of fact for the determination of the jury. See Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332.

We perceive of no reason why the cab driver, had he been keeping a reasonable lookout, would not have seen the Foster car in the intersection and timely applied his brakes, thereby avoiding the collision. In Lewis v. Martin, Tex.Civ.App., 120 S. W.2d 910, 913, writ ref., the court stated that the authorities from other jurisdictions are in substantial harmony in holding that a law which gives the operator of a car the right of way does not unqualifiedly relieve him from the exercise of such care an ordinarily prudent person would exercise under the same or similar circumstances. The court then stated:

"The existence of negligence or contributory negligence is a question of fact to be determined by the jury, whose finding is conclusive if supported by the evidence. Cruse v. Chacon, supra [Tex.Civ.App., 67 S.W.2d 399]; Harsha v. Renfro Drug Co., Tex.Civ. App., 77 S.W.2d 584. When a plaintiff is guilty of contributory negligence in failing to keep a lookout and such failure is a proximate cause of his damages, such negligence entitles the defendant to a judgment. Southland-Greyhound Lines, Inc. v. Richardson, supra [126 Tex. 118, 86 S.W.2d 731]; Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296.

"In view of the unchallenged finding of the jury that appellant was guilty of contributory negligence in failing to keep a lookout and such failure was a proximate cause of his damages, we do not feel warranted in holding that as a matter of law the trial court should have disregarded such finding and rendered a judgment for appellant."

See also Watts v. Dallas Railway & Terminal Co., Tex.Civ.App., 279 S.W.2d 400, ref., n. r. e.

We think the Court properly entered judgment that appellants take nothing as against appellee, Mrs. Foster. We also think that the court properly entered judgment for appellee, Mrs. Bradley, against appellants, who owed her a high degree of care as a passenger in the Skyline cab. F & N Taxi v. Haynes, Tex.Civ.App., 262 S.W.2d 117, ref., n.r.e.; Harrison v. Southwest Coaches, Tex.Civ.App., 207 S.W.2d 159, ref., n.r.e.; Amberson v. Woodul, Tex. Civ.App., 108 S.W.2d 852, writ dism.

In the present case Skyline's driver admitted he was looking straight ahead and did not at any time look to his right. The testimony further shows that the car of Mr. Azios and the car on his right moved only about a foot or a foot and a half into the intersection and stopped, and that the collision occurred about 16 feet farther in the intersection. This would indicate that the appellant's cab driver had a number of feet of unobstructed view even if his view would have been obstructed had he looked before he moved forward into the intersection.

■ We think there is no merit in appellants' contention that the Court erred in adjudging all court costs against them. The Trial Court acted within its sound discretion, as it had a right to do. Appellants brought appellee, Mrs. Foster, into the law suit by their third party action. They failed to recover against her, and they were cast in the suit of Mrs. Bradley against them. 11-A Tex.Jur. 261; Copeland v. Bennet, Tex.Civ.App., 243 S.W.2d 264; McLaughlin v. Carter, 13 Tex.Civ.App. 694, 37 S.W. 666, writ ref.

■ Appellants assert by their next five Points that the trial court erred in prohibiting them from showing the settlement between appellees, Mrs. Bradley and Mrs. Foster, and from reading to the jury the three abandoned pleadings of Mrs. Bradley charging Mrs. Foster with discovered peril, and from showing that such settlement influenced the attorneys of appellees in their argument to the jury accentuating the negligence of appellants rather than that of Mrs. Foster as a proximate cause of the collision.

We do not think the Court erred in prohibiting appellants from showing the settlement between Mrs. Bradley and Mrs. Foster. The settlement was made on January 4, 1958, and Mrs. Foster was dismissed as a party defendant February 19, 1958. On January 13, 1958, appellee Mrs. Bradley filed her fourth amended original petition in which it was stated that Mrs. Emma Foster was deleted as a party defendant. The case did not go to trial until September 23, 1958.

It would have been prejudicial to Mrs. Bradley's cause of action against the appellants for the Court to have permitted appellants to show that Mrs. Bradley had settled with Mrs. Foster or the insurance company carrying liability insurance for Mrs. Foster. The release in question, which was presented to the Court out of the presence of the jury, shows that the settlement was by the liability insurance carrier of Mrs. Foster for and on her behalf to buy their peace; and that it was in no wise to affect or prejudice Mrs. Foster's action against Skyline nor Mrs. Bradley's action against Skyline and the cab driver, Bailey, and further that neither party admitted any liability or negligence.

Appellants have cited no authority in support of their Points of Error Nos. 6, 7, 8 and 9. The law is well settled in Texas that compromise settlements between a plaintiff and a third party are not admissible in an action by the plaintiff against the defendant allegedly liable where the party offering the settlement does not admit liability. American General Ins. Co. v. Fort Worth Transit Co., Tex.Civ.App., 201 S.W.2d 869, no writ history. In Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, our Supreme Court held that evidence of a settlement between the State Highway Department as employer and self-insurer and the plaintiff was not admissible in an action by plaintiff against the defendant allegedly liable. See also Johnson v. Willoughby, Tex.Civ.App., 183 S.W.2d 201, writ ref.; Caswell v. Satterwhite, Tex.Civ.App., 277 S.W.2d 237, writ ref., n. r. e.

We do not think the Court erred in refusing to permit appellants to read the allegation with respect to discovered peril in the abandoned pleadings of Mrs. Bradley. The Court went rather far in permitting appellants to read the other allegations of negligence on the part of Mrs. Foster as contained in such pleadings. In doing so, the Court instructed the jury that the recitations in Mrs. Bradley's superseded pleadings were admissible only in so far as her controversy with the appellants was concerned, but they were not admissible in connection with the controversy between Mrs. Foster and appellants. The superseded pleadings of Mrs. Bradley charged both Mrs. Foster and appellant Bailey with having discovered her peril. A finding either way on such issues could not have affected appellants' liability to Mrs. Bradley on the other negligence issues.

There is no merit in appellants' contention with respect to the arguments of counsel for Mrs. Bradley and for Mrs. Foster in which they undertook to place the chief blame for the accident on appellants. The present case is distinguishable from the case of McMullen v. Coleman, Tex.Civ. App., 135 S.W.2d 776, cited by appellants. In that case the plaintiff was suing two defendants, settled with one defendant before the trial, but apparently had not dismissed such defendant from the suit. The plaintiff's attorney then argued that he believed the evidence was insufficient to show any negligence on the part of the defendant with whom the settlement had been made. The jury found that defendant who had settled was not guilty of negligence while the other defendant was.

In the present case the jury found that appellee, Mrs. Foster, was guilty of several acts of negligence. Therefore, any error with respect to such arguments was harmless. Rule 434, Texas Rules of Civil Procedure.

Appellants in their 11th Point of Error contend that the Court erred in overruling their alternative motion that judgment not

be entered against them in behalf of appellee, Mrs. Bradley, in excess of $7,250, being one-half the amount of the verdict.

In their answer filed March 15, 1958, appellants allege that appellee, Mrs. Bradley, had settled with appellee, Mrs. Foster, for the sum of $4,200, and that they should also be discharged and released by reason of such settlement, and in the alternative that they were entitled to a credit on any judgment recovered to the extent of the amount paid by Mrs. Foster to Mrs. Bradley should any judgment be entered against the appellants. Clearly appellants were not discharged by the release in question since the release was not executed in full satisfaction of the damages sustained by Mrs. Bradley. It is equally clear that appellants are not in position to insist that the release discharged one-half of the damages awarded, since appellants made no effort to retain Mrs. Foster in the suit and failed to plead over against her and wholly failed to ask for contribution. In these particulars the instant case is distinguishable from the case of Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, relied on by appellants. It is also distinguishable from A. J. Rasmussen & Sons, Inc. v. Peters, Tex.Civ.App., 253 S.W.2d 329, ref., n. r. e.

We think the Court properly entered judgment for appellee, Mrs. Bradley, in the amount of the verdict less the sum of $4,200, thus giving appellants full credit for the amount paid Mrs. Bradley by Mrs. Foster's insurance carrier. The Court's judgment conforms to the alternative pleading and prayer of appellants, and constitutes but one satisfaction for the injuries sustained by appellee, Mrs. Bradley, and in that respect complies with the law as enunciated in Bradshaw v. Baylor University, Tex.Com.App., 126 Tex. 99, 84 S.W.2d 703.

The judgment of the Trial Court is affirmed.